This suit was commenced 30 July, 1818, and at September Term, 1820, the case by rule of court was referred to arbitrators; no award having been made, the rule was set aside and the cause set for trial. It did not appear on the trial that the plaintiffs knew at what time defendant took the property into his possession. The jury found that defendant was executor deson tort of James McDowell, that he had assets sufficient to satisfy plaintiffs' demand, and further, they found that the act of 1715 was a bar to plaintiffs' recovery.
Plaintiffs moved for a new trial on three grounds: (1) that an executorde son tort is not within the protection of the act of 1715; (2) that it did not appear from the evidence that the plaintiff knew of the defendant's having possession of the negroes for more than seven years next before he brought suit; (3) That the reference to arbitrators (545) took the plaintiff's claim out of the operation of the act of 1715.
The court held that an executor de son tort was within the protection of the act of 1715, and that the time began to run in favor of the defendant from the time he took possession of the property and openly and publicly used it, and that the reference to arbitrators did not take the case out of the act of 1715, and a new trial having been refused and judgment rendered, plaintiff appealed.
The question in this case is whether an executor de son tort can plead the statute of limitation, created by the act of 1715, ch. 10. If this were a plea that tended to the personal benefit of the executor de son tort, he ought not to be permitted to avail himself of it, but it is a plea pleaded for the benefit of the estate; the rights of the defendant are not in any respect thereby affected, and creditors have a right to bring actions against him; and I see no reason why they should succeed in making out their claims against him with more facility than they could do against the rightful executor; certainly other creditors and the next of kin would be thereby injured. If a rightful executor can plead such a plea for the purpose of protecting the estate, I think the defendant may do it in the present case. *Page 305 
The plaintiff will not be in a worse situation than if he had sued a lawful representative of the estate. No hardship or inconvenience is pointed out in this case that might not equally apply to the other. I Wentw., office of Exrs., 177; 3 Term, 588; 10 Ves., 93; Andrews, 328; 2 Str., 1106.